Schuck Estate.

Argued October 6, 1965. Before BELL, C. J., MUS-MANNO, JONES, EAGEN and O'BRIEN, JJ.

*Joseph S. D. Christof,* with him *Artemas C. Leslie,* and *McCloskey, Best & Leslie,* for appellant.

*James S. Crawford, III,* with him *Thorp, Reed & Armstrong,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 23, 1965:

The questions involved are narrow: (1) Who is entitled to the savings account which Mrs. Schuck

opened in her own name in trust for Mrs. Felter; and (2) were the gifts (a) to the Shriner's Hospital and (b) to the trust for William Cody Davis specific or residuary legacies?

Alma K. King Schuck, a resident of Allegheny County, Pennsylvania, died on December 17, 1962, leaving a will dated July 30, 1962. Mrs. Schuck was survived by a husband* and three blood relatives, namely, Mrs. Felter, a niece, and William Cody Davis and Wanda T. Nickens, who were the children of Mrs. Felter's deceased sister.

The Shriners Hospital for Crippled Children,** a beneficiary under the will, appeals from the Final Decree of the Orphans' Court which dismissed the Hospital's exceptions to the adjudication of RAHAUSER, J., which had confirmed the account of testatrix's executor.

On October 10, 1961, Mrs. Schuck opened *a savings account,* No. 12,001, with a deposit of $25,300 of her own money, at the Mellon National Bank and Trust Company.*** This savings account was opened in the name of *"Mrs. Alma King Schuck in trust for Mrs. Audrey Felter."* No other deposits were made in this account by Mrs. Schuck and no deposits were ever made by Mrs. Felter. Mrs. Schuck retained possession of the pass book at all times, and at her death it came into the possession of her executor, who included it in his inventory. The Orphans' Court decided that the savings account was not a testamentary asset and awarded it to Mrs. Felter.

In her will Mrs. Schuck first provided for the payment of her debts and funeral expenses, and thereafter

---

* Mrs. Schuck's husband did not elect to take against her will, and is therefore deemed to have taken under her will: Wills Act of April 24, 1947, P. L. 89, §12 as amended, 20 P.S. §180.12.

** Hereinafter referred to as the "Hospital".

*** Hereinafter referred to as "Mellon Bank".

gave specific and pecuniary legacies totaling $11,528. She then created a trust which she divided into two parts. In the first part she created a trust for her grandnephew, William Cody Davis, the income to be paid to him for life or until his 65th birthday, at which time he was to be given the principal outright. She created this trust "for the purpose of controlling all stocks and bonds held in my name together with an undivided one-half interest in all my mortgages, notes and cash on hand, in Banks and in my safe deposit box* . . . ."

"The *remaining undivided one-half portion* of all my mortgages, notes and cash on hand and in Banks at the time of my death less expenses is to be paid out of payments of principal and interest on hand and as received from said mortgages, notes and cash on hand and in Banks from month to month during their term of years to the Shriners Hospital for Crippled Children located at Philadelphia, Pennsylvania."

The Orphans' Court decided that the aforesaid trusts were (with an exception hereinafter discussed) *residuary* legacies and not, as the Hospital contends, specific legacies.

Mrs. Schuck left an estate inventoried at approximately $144,000 consisting of stocks and bonds in the approximate amount of $43,000, notes and mortgages in the approximate amount of $45,000, cash in a checking account of approximately $13,000, jewelry of approximately $558, miscellaneous assets of approximately $734, two savings and loan accounts in her own name totaling over $15,000, and the aforesaid savings account at Mellon Bank in the name of Mrs. Schuck in trust for Mrs. Audrey Felter.

In addition to the aforesaid inventoried assets, Mrs. Schuck (1) owned stocks and treasury bonds totaling

---

* There was no money in her safe deposit box.

over \$11,000 which were in the joint names of herself and Audrey Felter, with right of survivorship, and (2) stocks and treasury bonds totaling over \$9,000 in the joint names of herself and William Cody Davis, with the right of survivorship.

The savings account in the name of "Mrs. Alma King Schuck, in trust for Mrs. Audrey Felter" was a tentative or Totten trust. Such a savings account is revocable at will; and since the actual intention of the settlor or creator of the trust is uncertain, parol evidence is admissible to prove her intent. A tentative trust may be revoked, among other means, (1) by oral declarations of the depositor, or (2) by facts and circumstances resulting in inadequacy of the estate assets to satisfy the testamentary gifts, funeral and administration expenses, taxes and other charges: *Brose Estate*, 416 Pa. 386, 395-396, 206 A. 2d 301; or (3) expressly or impliedly by will: *Pavlinko Estate*, 399 Pa. 536, 539, 160 A. 2d 554; *Rodgers Estate*, 374 Pa. 246, 250, 97 A. 2d 789; *Scanlon's Estate*, 313 Pa. 424, 169 A. 106.

Mrs. Schuck never revoked the trust in her lifetime; there was no evidence of any oral declarations by Mrs. Schuck; there was no inadequacy of assets; and there was no oral or written evidence to prove that when she drew her will she intended it to revoke the trust for Mrs. Felter, who was her nearest blood relative. We agree with the lower Court that this Totten trust was not revoked, expressly or impliedly by Mrs. Schuck's will.

At Mrs. Schuck's death she had cash in banks in her own name, which were undoubtedly covered by and included in her testamentary trust and we believe that her will showed no intention to revoke her tentative trust for Mrs. Felter.

We do not deem it necessary to quote further from Mrs. Schuck's long testamentary trust. It will suffice

to say that from a study of this holographic will, we believe (1) that the testamentary trust for William Cody Davis and (2) the testamentary trust of "the remaining undivided one-half portion of all my mortgages, notes and cash on hand and in Banks, less expenses" created for and given to the Hospital, were *residuary* bequests and not specific legacies.

Although not mentioned by any of the parties in their statement of the questions involved,* the lower Court held that testatrix's gift of stocks and bonds to the trust for Davis constituted a specific legacy, although the rest of that legacy to the Davis trust was held to be a residuary legacy. The result was that no administration expenses or pecuniary legacies or inheritance or estate taxes were payable out of the trust legacy of stocks and bonds. This was error and the case must therefore be remanded to the Orphans' Court with directions to correct this error by ordering and approving an amended schedule of distribution.

Decree as modified affirmed; case remanded with directions; each party to pay own costs.

---

* However, the point was argued by the parties.