**WHITE, et al v. BROWN, Guardian.**
No. 1141.

Circuit Court, Lake County.

January 24, 1969.

Roy Christopher, Mount Dora, for plaintiffs.

L. E. Brown, Tavares, guardian of the property of Mark Sterling Schrodt.

W. TROY HALL, Jr., Circuit Judge.

*Final judgment:* This cause coming on to be heard on defendant's motion for judgment on the pleadings and the court having heard the arguments of Roy Christopher, attorney for the plaintiffs, co-executors of the estate of Edith M. Young, deceased, and L. E. Brown, guardian of the property of Mark Sterling Schrodt, a minor, defendant, and having considered the arguments of counsel as contained in the briefs filed in this cause, and having considered the pleadings on file and the stipulation of facts, the court does thereupon make the following findings of fact, conclusions of law and final judgment.

The court finds that the following are the material facts in this cause —

That Edith M. Young in 1952 created three savings accounts in her name as trustee for three different named minors; that the minors and the amounts of each of said accounts at the time of the death of Edith M. Young were as follows —

Mark Sterling Schrodt          $13,179.43
Mitsie Lou Schrodt             $14,237.19
Deborah F. Schrodt             $ 5,102.41

That in 1956 Edith M. Young executed a last will and testament containing a general residuary clause creating a testamentary trust wherein the three minors mentioned in the preceding paragraph were named as equal beneficiaries.

That Edith M. Young died in 1961, and the will mentioned in the preceding paragraph was admitted to probate, and the plaintiffs in this suit were duly qualified as executors.

That L. E. Brown is the duly qualified and acting guardian of the property of Mark Sterling Schrodt, one of the aforementioned minors, and is the defendant in this suit.

That including the sums in the aforementioned bank accounts the assets of said estate are of a value of $93,862.97, and that the estate has had an income of approximately $13,000 since its inception; and that payments prior to distribution from the estate, are, or will be in the approximate amount of $15,000, and that exclusive of the bank accounts aforementioned the estate has on hand the approximate sum of $17,000 in cash.

The court makes the following conclusions of law —

That the savings account mentioned in the complaint, answer, and stipulation of facts originally with American Federal Savings & Loan Association, Orlando, Florida in the name of Edith M. Young, as trustee for Mark Sterling Schrodt, in the amount of $13,179.43 at the time of the death of the said Edith M. Young is a "Totten Trust" as the same is defined in Seymour v. Seymour, 85 So.2d 726 (Fla. 1956), and In re Totten, 179 N.Y. 112, 71 N.E. 748, 70 L.R.A. 711.

That the last will and testament of Edith M. Young, and particularly the residuary clause purporting to create certain testamentary trusts, as set forth in the complaint in this cause, contains no language effective to revoke the "Totten Trust". In re Schuck's Estate, 419 Pa. 466, 214 A.2d 629 (1965); In re Koster's Will, 119 N.Y.S.2d 2 (1952); In re Campbell's Will, 147 N.Y.S.2d 377; Annot. 38 A.L.R.2d 1243, 1252-1259.

That no other facts indicate an intention on the part of the testatrix to revoke the "Totten Trust" by the making of a will; the court having considered with particularity the financial condition of the estate, concludes that the terms of the will can be carried out without necessarily concluding that the testatrix intended to

include the assets in the "Totten Trust" in creating the testamentary trusts. In re Koster's Will, supra; In re Campbell's Will, supra.

It is, therefore, ordered and adjudged that final judgment be, and the same is hereby entered in favor of the defendant, L. E. Brown, as guardian of the property of Mark Sterling Schrodt, a minor, and against the plaintiffs, George J. White, Sr. and C. George Schrodt, as co-executors of the estate of Edith M. Young, deceased, and as trustees thereof, and that the plaintiffs take nothing by this action.