Scileppi, J.
The order appealed from should be reversed for the reasons stated by Justice Mtjitoeb. in his dissenting opinion at the Appellate Division. We merely add the following to further amplify our position.
As was stated in Matter of Totten (179 N. Y. 112, 126): “ In case the depositor [of a Totten Trust] dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.”
*713 This presumption may be overcome, however, if the will of the depositor manifests a clear intention to revoke the trust (Matter of Deneff, 44 Misc 2d 947; Matter of Vetroock, 34 Misc 2d 1073; Matter of Richardson, 134 Misc. 174; Walsh v. Emigrant Ind. Sav. Bank, 106 MisC. 628, affd. 192 App. Div. 908, affd. 233 N. Y. 512).
In the case at bar, the testatrix had six separate bank accounts, four of which were in the Totten Trust form and two in her name alone. The language in paragraph Seventh of the will relied upon by the respondent states: “ I give and bequeath any and all funds on deposit to my credit, in any bank or trust company or similar financial institution ”. The majority of the Appellate Division held that this language, in itself, was “ clear and absolute to show the intention of the testatrix to revoke any prior trust bank accounts and to have such proceeds become part of the assets of the estate ”. We do not agree.
If the money on deposit in the four trust accounts comprised all or most of the assets of the estate or if the trust accounts were the only bank accounts in the decedent’s name, that would be a strong indication that the testatrix intended to revoke the Totten Trusts. Such, however, was not the case. The money on deposit in the trust accounts only comprised a little more than one third of the total estate, and as .indicated earlier the testatrix had two bank accounts in her name alone. We conclude, therefore, that the language in paragraph Seventh, in itself, under the facts of this case, is insufficient to overcome the presumption of nonrevocation. In such a case it is necessary to scrutinize the surrounding circumstances and .the will as a whole, very carefully, in determining the true intention of the testatrix. It is our opinion that the posting of interest to the trust accounts up to the date of death, the language in paragraph Thirteenth of the will which contemplated “ property passing outside [the] Will” and the circumstances outlined by Justice Munder in his dissenting opinion all manifest an intention on the part of the testatrix not to revoke.
Accordingly, that portion of the Appellate Division order revoking the four trust accounts should be reversed.
Chief Judge Fuld and Judges Burke, Bergan, Breitel and Jasen concur.
*714 Order reversed and matter remitted to the Surrogate ’.s Court, Queens County, for further proceedings in accordance with the opinion herein, with costs to all parties appearing separately and filing separate briefs payable out of the estate.