## Maley Estate

*Donald D. Dolbin,* for petitioner.
*Fred J. Wiest,* for respondent.

BOWE, P. J., October 4, 1971.—

## OPINION SUR PETITION FOR
## SPOUSE'S ELECTION

The matter is before the court on petition by decedent's husband, Matthew J. Maley, for a citation directed to the Public School Employes' Retirement Board and Virginia Jones Frankenfield to show cause why petitioner should not be permitted to take against the beneficiary designation of decedent for all benefits payable by the board as a result of decedent's contribution and subsequent death. The issue to be determined is whether the election of the surviving spouse under section 11 of the Estates Act of April 24, 1947, P. L. 100, as amended, 20 PS §301.11, applies to decedent's interest in the Public School Employes' Retirement Fund. The parties in interest and the Public School Employes' Retirement Board executed and filed of record an agreement to submit to the jurisdiction of this court. The Orphans' Court Division has jurisdiction of decedent's interest in the retirement fund, since it is not excluded by section 102(6) (xi) of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 PS §2080.102. See Ross Estate, 12 Fiduc. Rep. 63 (1962); Snyder Estate, 14 Fiduc. Rep. 103 (1964); Blair Estate, 17 Fiduc. Rep. 231 (1967).

Counsel for the parties stipulated pertinent facts for the record including the following: Decedent died

on March 26, 1970; decedent and Matthew J. Maley were married on July 19, 1969; decedent was employed as a school teacher at the time of her death and had accumulated benefits with the Public School Employes' Retirement Fund payable under option 1 in the sum of $36,609.02; that Virginia C. Jones, now Virginia J. Frankenfield, was named contingent beneficiary on April 19, 1948, and said designation was still in effect on date of decedent's death; all contributions made by decedent, except $292.85, were contributed subsequent to January 1, 1948 (the Estates Act of 1947 is not retroactive, see Iafolla Estate, 380 Pa. 391 (1955)); decedent was a member of class T-C and had not filed an application for retirement at the time of her death; decedent's spouse, Matthew J. Maley, filed his election to take against the will and all inter vivos conveyances of decedent in accordance with section 11 of the Estates Act, supra, on April 20, 1970. It was further stipulated that the Public School Employes' Retirement Board has not adopted any formal rule or regulation concerning option 1 which would be applicable in this case and that as a matter of practice the board allows a contributor to change the beneficiary prior to filing an election for retirement benefits.

That decedent had a vested interest in the fund referred to in the above-recited stipulation of facts, there can be no doubt. The fact that decedent assumed she had a legal right to name a beneficiary of her choice to take the fund referred to upon her death is evidenced by the fact that she did name a beneficiary. The beneficiary so named is someone other than her surviving husband. As already noted, the latter contends that he has a statutory right to claim and be awarded part of the fund here involved pursuant to the provisions of section 11 of the Estates Act, supra. We shall discuss this contention later herein.

As stated in the stipulation of facts, decedent, at the time of her death, was a member of class T-C of the Public School Employes' Retirement System. Section 406 of the Public School Employes' Retirement Code of June 1, 1959, P. L. 350, art. IV, sec. 406, as amended, 24 PS §3406, provides, inter alia:

"Death Benefits.

"(1) Any contributor who is entitled to a superannuation retirement allowance by reason of having reached superannuation retirement age or any member of Class T-A or T-C who has to his credit twenty-five (25) years of service as a member of such class or any contributor with credit for multiple service who has accumulated one hundred (100) voluntary withdrawal credits, may file with the retirement board a written application for retirement, in the form required for such application but requesting that such retirement shall become effective as of the time of his death, electing one of the options provided in section 404 of this article and nominating a beneficiary under said option as required in such section. In all such cases, the application shall be held by the retirement board until the contributor shall file a later application for retirement or until the death of the contributor occurring while in school service, at which time his retirement shall become effective with the same benefits to the designated beneficiary as if the contributor had retired on the day immediately preceding his death.

"(2) Any contributor who is entitled to a superannuation retirement allowance by reason of having reached superannuation retirement age or any member of Class T-A or T-C who has to his credit twenty-five (25) years of service as a member of such class or any contributor with credit for multiple service who has accumulated one hundred (100) voluntary withdrawal credits and who shall die while in school ser-

vice before filing with the retirement board a written application for retirement as heretofor[e] provided, or who, within ninety (90) days after the termination of his school service and prior to the date of his death, had not entered upon withdrawal or superannuation retirement allowance or withdrawn his accumulated deductions, shall be considered as having retired and elected to receive the actuarial equivalent of his full withdrawal allowance or superannuation allowance under Option 1, as the case may be, as provided in section 404 of this article, as of the day immediately preceding his death. In such event, payment under Option 1 shall be made to the beneficiary designated in the nomination of beneficiary form by the member and filed with the retirement board. If said beneficiary has pre-deceased the contributor, payment under Option 1 shall be made to the legal representative of such contributor."

As hereinabove noted in the stipulation of facts payment in the present case is under option 1. As provided in section 406, supra, such payment is to be made to the beneficiary designated by decedent.

Section 11 of the Estates Act, supra, 20 PS §301.11, provides:

"(a) In general. A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary dispositon so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor. The provisions of this subsection shall not apply to

any contract of life insurance purchased by a decedent, whether payable in trust or otherwise.

"(b) Determination of share. The spouse may elect to take against any such conveyance and shall be entitled to one-third thereof if the conveyor is survived by more than one child, or by one or more children and the issue of a deceased child or children, or by the issue of more than one deceased child, and in all other circumstances one-half thereof.

"(c) Election against other conveyances. A spouse electing under this section also must elect to take against the will, if he is a beneficiary thereunder, and against all other conveyances within the scope of sub-section (a) of which he is a beneficiary."

The first requirement of section 11 of the Estates Act, supra, is that there must be a "conveyance." The act defines "conveyance" as an act by which it is intended to create an interest in real or personal property whether inter vivos or testamentary: Brown Estate, 384 Pa. 99 (1956). The Public School Employes' Retirement Fund clearly falls within the statutory definition of a conveyance.

It is not contended that a contract of life insurance is involved. If such were the case, it is expressly exempt from a spouse's election under section 11 of the Estates Act, supra. The additional requirement of section 11 of the Estates Act is that the conveyor retain a power of appointment by will, or a power of revocation or consumption over the principal. The named beneficiary here contends that the beneficiary designation was irrevocable, citing Snyder Estate (No. 2), 37 D. & C. 2d 260, 15 Fiduc. Rep. 608 (1965). That case, however, involved a beneficiary who *had made an election under option 2 which had been approved by the board.* The opinion quoted the testimony of the

secretary of the board "that he had no knowledge of any specific regulation adopted by the board expressly declaring that option 2, once approved by the board, is irrevocable." He further stated "that it has always been the policy of the board to treat and rule that *the election becomes irrevocable* upon such approval." (Italics supplied.)

As noted in the stipulated facts, the beneficiary may be changed by the contributor prior to election of benefits.

Judge Bolger concluded in Snyder Estate, supra, that, once an election of option 2 was made and approved by the board, the beneficiary selection was irrevocable. If there is no right of revocation or consumption, it is clear that section 11 of the Estates Act will not apply. Snyder Estate, cited by respondent, does not decide the problem now before the court. Is the right to change the beneficiary reserved by the contributor prior to election of an option and approval by the board? No cases have been found on point, but the board has continually allowed contributors to change the beneficiary until the filing of an election and approval by the board.

Section 406(2) of the Retirement Code of 1959, supra, provides, inter alia, that when a qualified contributor "shall die while in school service before filing with the retirement board a written application for retirement as heretofor[e] provided, or who, within ninety (90) days after the termination of his school service and prior to the date of his death, had not entered upon withdrawal or superannuation retirement allowance or withdrawn his accumulated deductions, shall be considered as having retired and elected to receive . . . allowance under Option 1, . . . as of the day immediately preceding his death."

It is conceded that during the contributor's lifetime

the board has allowed the change of beneficiary so long as no election has been filed. This has been the practice of the board even though no formal rule or regulation has been adopted giving the express power of revocation. A contributor who has not filed an election, has the right to revoke the beneficiary designation or withdraw until his death. In many cases, the benefits of the retirement fund constitute the major portion of a contributor's estate. It is inconceivable that the fiction of the election being exercised automatically as of the day preceding contributor's death was meant by the legislature to diminish his right to revoke the beneficiary or consume during his lifetime so as to defeat the spouse's election. On the contrary, decedent had the right to change the beneficiary until her death.

In addition to the question of revocation, it has been argued that the benefits are not subject to the spouse's election because of section 803 of the Public School Employes' Retirement Code, 24 PS §3803, supra, which provides: "[A]ny benefit or right accrued or accruing to any person under the provisions of this act and the moneys in the fund are hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment or any other process whatsoever . . ." Is the spouse's election "any other process," thus granting exemption to the benefits under the code?

The spouse's election under section 11 of the Estates Act is not a tax, levy, sale, garnishment or attachment. Respondent contends it cannot be affected by the spouse's election because it is exempt as "any other process whatsoever." These words in the Act of Assembly shall be construed according to rules of grammar and according to their common and approved usage and general words shall be construed to take their meanings and be restricted by preceding

particular words. See Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 33, 46 PS §533.

"Process" as used in legal practice is defined as the means of compelling defendant in an action to appear in court, or the means whereby a court compels compliance with its demands. As commonly understood, the word signifies those formal instruments called "writs." See 29 P. L. Encyc. 533; Black's Law Dictionary. Bouvier defines "process" as the method taken by law to compel a compliance with the original writ or commands of the court. The rule of ejusdem generis would seem to limit the word "process" in this statute to "writs of execution" or "final process" such as levy, sale, garnishment or attachment. This concept has been applied by our appellate court. See Commonwealth v. Simmons, 211 Pa. Superior Ct. 344 (1967). The spouse's election under section 11 is not a "process" as used in practice and definitely is not a final process of the types particularly mentioned in the statute. Judge Bolger in Snyder Estate, 37 D. & C. 2d 260, at page 262, supra, dismissed this argument, concluding that section 803 is not applicable to the solution of the problem. We agree that the spouse's election is definitely not a process which is granted exemption by this section of the retirement code.

The spouse's election has been held to apply to joint savings accounts (Hetrick Estate, 17 Fiduc. Rep. 317 (1967)); annuity contract where decedent-annuitant retained power of revocation and consumption (Fitzgerald Estate, 17 Fiduc. Rep. 324 (1967)); decedent's stock in close corporation free of buy-sell agreement (Burk Estate, 15 Fiduc. Rep. 449 (1965)); employes' pension fund, Blair Estate, supra. It was also held to apply to a life insurance policy prior to the amendment of section 11 of the Estates Act in 1956. The election cannot apply to United States Series E

Bonds because of the supremacy clause in the Federal Constitution: Free v. Bland, 369 U. S. 663, 8 L. Ed. 2d 180 (1962). In absence of specific legislative exemption, the courts have refused to limit the spouse's election where there is a power of revocation or consumption. To decide that section 11 of the Estates Act, supra, does not apply to the benefits payable from the retirement fund, in many cases being the entire estate of a decedent, would be a limitation of a spouse's right not contemplated by the broad language of the statute.

I find that decedent had the power of revocation and consumption until her death over the principal of benefits due her from the Public School Employes' Retirement Fund and are subject to the spouse's election under section 11 of the Estates Act, supra, and, therefore, enter the following

### DECREE

And now, October 4, 1971, it is ordered, adjudged and decreed that Matthew J. Maley, surviving husband of Betty Jones Maley, deceased, is entitled to take against those benefits due decedent's beneficiary of the Public School Employes' Retirement Fund to the extent that benefits are payable by reason of contributions made subsequent to January 1, 1948.

---

### OPINION SUR PETITION TO VACATE DECREE

BOWE, P. J., January 15, 1973.—This is a petition by Virginia Jones Frankenfield to vacate a decree of this court entered October 4, 1971, in which this court held that Matthew J. Maley, husband of decedent, was entitled to take against benefits due from the Public School Employes' Retirement Fund by election as surviving spouse under section 11 of the Estates Act of

April 24, 1947, P. L. 100, 20 PS §301.11, now Probate, Estates and Fiduciaries Code, 20 PS §6111. Virginia Jones Frankenfield, petitioner, was the beneficiary named to receive said benefits. No exceptions were filed to the decree of October 4, 1971, nor was an appeal taken from said action of the court.

On March 8, 1972, some five months later, the present petition to vacate the former decree was filed and a citation issued. Matthew J. Maley filed his answer to this petition on March 24, 1972. The issues raised by the pleadings are (1) does the Act of November 27, 1970 (No. 260), sec. 1, 20 PS §301.7(a), prevent decedent's spouse from taking against the benefits of the Public School Employes' Retirement Fund? (2) is the matter res judicata?

Although a determination that the matter was res judicata by the decree of October 4, 1971, would relieve us of considering the other issue raised by the pleadings, we will first discuss the merits of petitioner's position.

Decedent died on March 26, 1970, and Matthew J. Maley, surviving spouse, filed his election to take against the will and inter vivos conveyances, including the benefits of the retirement fund, on April 20, 1970. On November 27, 1970 (No. 260), amending section 8 of the Estates Act of 1947, supra, became effective. Act No. 260, supra, now repealed by the Probate, Estates and Fiduciaries Code, 20 PS §6108, which uses the identical language of Act No. 260, provides as follows:

"Designation of Beneficiaries of Insurance or Employe Death Benefits Not Testamentary

"The designation of beneficiaries of life insurance, annuity or endowment contracts, or of any agreement entered into by an insurance company in connection therewith, supplemental thereto or in settlement

thereof, and the designation of beneficiaries of benefits payable upon or after the death of a participant under any pension, bonus, profit—sharing, retirement annuity, or other employee-benefit plan, shall not be considered testamentary and shall not be subject to any law governing the transfer of property by will. This section shall apply regardless of whether the insurance contract or the employee-benefit plan designates the ultimate beneficiaries or makes the proceeds payable, directly or indirectly, to a trustee of a trust under a will or under a separate trust instrument which designates the ultimate beneficiaries, and regardless of whether any such trust is amendable or revocable, or both, or is funded or unfunded, and notwithstanding a reservation to the settlor of all rights of ownership in the insurance contracts or under the employee-benefit plans. Unless otherwise expressly provided in the conveyance, funds or other property so passing to a trust under a will shall become and be a part of the testamentary trust to be administered and disposed of in accordance with the provisions thereof, without forming any part of the testator's estate for administration by his personal representative. The provisions of this section relating to the designation of beneficiaries of benefits payable under employee-benefit plans *shall apply to designations made prior or subsequent to January 1, 1970, by persons who die on or after said date,* and shall not be deemed to create any implication of invalidity of any such designation made by any person who dies before said date." (Italics supplied.)

In the original proceeding, it is noted that although the Pennsylvania Public School Employes' Retirement Fund was represented by Raymond Kleiman, Deputy Attorney General, neither he nor counsel for the named beneficiary referred to Act No. 260, supra, in

their arguments or briefs. Any doubt that Act No. 260 was meant to apply to the spouse's election was eliminated by enactment of section 6111 of the Probate, Estates and Fiduciaries Code.

Act No. 260, supra, became effective November 27, 1970. It purports to apply to designations of beneficiaries by decedents who die "on or after" January 1, 1970. Betty Jones Maley, decedent-contributor, died March 26, 1970, and her spouse's election under section 11 of the Estates Act of 1947 was filed on April 20, 1970, seven months prior to the enactment of Act No. 260, supra. This was all the law required to entitle him to payment.

Petitioner-beneficiary cites Kraynok v. Kraynok Estate, 53 D. & C. 2d 163 (1971), as authority for her position that Act No. 260, supra, should apply here even though decedent died prior to the effective date of the act. In that case, Judge Stranahan, in an assumpsit action for net proceeds of a personal savings plan with decedent's employer, sustained preliminary objections in the nature of a demurrer, thus awarding the proceeds to the named beneficiaries and not decedent's widow. In that case, however, it was an intestacy and the court noted that the widow was not endeavoring to take her intestate share out of the funds. The court also expressed a doubt as to whether the action should not have been commenced in the orphans' court. At any rate, it did not pass upon the effect of the amendment to section 8 upon section 11 where there appears to be a conflict. This conflict no longer exists, since the enactment of section 6111 of the Probate, Estates and Fiduciaries Code, supra, which is not applicable here because the code became effective July 1, 1972, after the entry of our decree. The court in Kraynok was not concerned with the spouse's right under section 11 of the Estates Act, supra.

There can be no doubt that Act No. 260 and sections 6108 and 6111 of the Probate, Estates and Fiduciaries Code, exempt from the spouse's election the benefits of the retirement fund in the event a decedent dies after the effective date of the act. We fail to see the wisdom of such legislation which deprives a spouse of his or her rights in an asset which usually comprises the major, if not entire, portion of a contributor's estate. Many times a contributor fails to change a beneficiary after marriage through neglect and the effect of this act will be to prevent a surviving spouse from receiving any inheritance, a major reversal of the historical tendency to jealously guard the rights of a surviving spouse.

In considering the present issue, however, we are not faced with the application of the legislation to an asset of a decedent who died subsequent to November 27, 1970, effective date of the act. There is a definite difference here where decedent died nine months before Act No. 260 became law.

Several cases have indicated that the rights of a widow cannot be changed by legislative action after the spouse's death. Counsel for decedent's spouse relies on Henderson Estate, 395 Pa. 215 (1959), for support of this position. The court, at page 220, stated "The Legislature may create or modify or destroy a wife's statutory right to take against her husband's will during the life of the spouse, but not after the spouse's death." [Citing authorities.] In McKean Estate, 366 Pa. 192, 195 (1951), the court said: "While in some circumstances an Act of Assembly may be applied retrospectively where such intent is plain, such a result, however, is never permitted where vested interests are destroyed or affected." [Citing authorities.]

It is unmistakeable that here the surviving spouse's rights had vested prior to the enactment of Act No.

260. He had done everything that the then existing law required and cannot be deprived of his intestate share by delay in payment.

We reach the same conclusion as Judge Silverstein, of Philadelphia County Orphans' Court Division, in the Estate of Anthony R. Repici, no. 1051 of 1970, 58 D. & C. 2d 576, that as a matter of law the amendment to section 8 of the Estates Act of 1947 by Act No. 260, November 27, 1970, cannot be applied to deprive the surviving spouse of his election rights in the proceeds of the benefits due from the Public Employes' Retirement Fund. We note for Judge Silverstein that the parties here agreed to exclude the portion attributable to constributions made prior to January 1, 1948, so we were concerned only with that portion attributable to contributions made subsequent thereto.

The reasons for allowing the spouse's election in the present case in absence of application of Act No. 260 have been thoroughly discussed in our opinion of October 4, 1971, and we deem it unnecesary to restate our reasoning and authorities therefor.

The petitioner-beneficiary has raised the additional problem of jurisdiction of this court. In addition to the fact that the parties originally submitted to the jurisdiction by stipulation of the issue, and the finding of jurisdiction in our prior opinion, we quote the following from section 11(d) of the Estates Act of 1947, supra, as amended by the Act of February 17, 1956, P. L. (1955) 1073, sec. 4, 20 PS §301.11(d), as follows:

"§301.11 Conveyances to defeat marital rights . . .

"(d) Procedure . . . The Court having jurisdiction of the deceased conveyor's estate shall determine the rights of the surviving spouse in the property included in the conveyance."

This court had jurisdiction of the matter by statute as well as by stipulation of the parties.

We also agree with respondent that the matter was res judicata. Our Supreme Court in Melcher v. Pa. T. & F. Mut. Cas. Ins. Co., 389 Pa. 125, 129 (1957), sets forth the requirements of res judicata as follows:

"(1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made."

See also Cameron Bank v. Aleppo Twp., 338 Pa. 300 (1940); Twp. of Ohio v. Builders Enterprises, Inc., 2 Comm. Ct. 39 (1971). The prerequisites are present here. Petitioner-beneficiary had her day in court, no exceptions were filed and the order was not appealed.

We, therefore, enter the following

### ORDER

And now, January 15, 1973, the petition of Virginia Jones Frankenfield to vacate the decree of court dated October 4, 1971, is hereby dismissed.