## Lessee of SIMPSON *against* AMMONS and others.

IN this cause a case was stated for the opinion of the court, which in substance was as follows: *John Baynton*, *Samuel Wharton*, and *George Morgan*, were seised in fee as *joint-tenants* of the premises in question on the 1st of *August* 1767. On the 11th of *November* 1769, *Baynton* and wife, *Morgan* and wife, and *Baynton* for *Wharton*, but without any authority from him, executed a mortgage of the premises to *Benjamin Marshall*. After the death of *Marshall* the mortgagee, his administrators on the 15th *January* 1801, assigned the mortgage to the lessor of the plaintiff. *Baynton* and *Wharton* died before the 28th *April* 1802; and on that date *Morgan* conveyed the whole of the premises to the lessor of the plaintiff. The questions were two: First, Whether the mortgage

1806.

GRIFFITH
*v.*
OGLE.

*Pittsburg, Saturday, September 13th.*

A mortgage executed by two out of three jointenants is a severance of the jointenancy. The assignee of the administrators of a mortgagee may maintain an ejectment in his own name.

1806.

Lessee
of
SIMPSON
*v.*
AMMONS.

severed the jointenancy. If it did, the deed of *Morgan* in 1802, conveyed but a third; otherwise it was good for the whole: Secondly, Whether the assignee of the administrators of a mortgagee can maintain an ejectment in his own name; for if he can, the plaintiff was entitled to two thirds, even though the jointenancy was severed.

*Riddle* for the plaintiff. A mortgage is a mere security to the mortgagee; it is not a disposition of the land, which is essential to sever a jointenancy. If it is redeemed by the jointenant who makes it; he does not hold under the mortgagee, but under his old title, which in equity has been all along in him. A grant of a moiety would no doubt sever, and so does a grant revoke a devise; but a mortgage is no revocation of a devise. 4 *Bac. Abr.* 697. 2 *Eq. Abr.* 538. A recognisance which binds the land, is no severance unless it is executed in the life of the recognitor. *Co. Litt.* 184. *b.*

There is no doubt, that a mortgagee may maintain an ejectment in *Pennsylvania.* [This was conceded by the whole court.] It is equally clear that an administrator is entitled to the benefit of a mortgage, unless it has been foreclosed, or the equity of redemption has been released. *Tabor* v. *Grover.* (*a*) *Marshall's* heirs were therefore trustees of the legal estate for the benefit of the administrators, and of course for the benefit of their assignee, the lessor of the plaintiff. Now it is settled law in this state, that a *cestui que trust* may support an ejectment in his own name.

*Addison* for the defendants. *York* v. *Stone et al.* (*b*) has decided the first question; and it has been recognised as law ever since. 4 *Bac. Abr.* 697. It is for the interest of both parties that the mortgage should be construed a severance; for if not, upon the death of the mortgagor his representatives lose his estate, and the mortgagee his security. It was here an alienation in fee to be void on a subsequent event, which is a severance at law. *Co. Litt.* 189. *a. sec.* 294.

I deny that the administrators could maintain ejectment in their own name. The act of Assembly gives them a *scire facias*, but not an ejectment.

(*a*) 2 *Vern.* 367.        (*b*) 1 *Salk.* 153.

TILGHMAN C. J. delivered the opinion of the court.

This case comes before the court, on a case stated for their opinion.

*Baynton*, *Wharton*, and *Morgan*, being seised in fee simple as jointenants of the land in question, a mortgage was executed by *Baynton* and *Morgan*, and by *Baynton* for *Wharton*, to *Benjamin Marshall*; but *Baynton* had no authority to execute the mortgage in the name of *Wharton*. The administrators of *Marshall*, who is dead, assigned this mortgage to the lessor of the plaintiff, who also obtained a conveyance of the whole land from *Morgan*, since the death of *Baynton* and *Wharton*. On this case two points arise: First, Whether the jointenancy was severed by the mortgage: Secondly, Whether the assignee of the administrators of a mortgagee can support an ejectment in his own name.

As to the *first*, the court are of opinion that the mortgage was a severance of the jointenancy. The interest of *Baynton* and *Morgan* passed by it, but the interest of *Wharton* was not affected.

As to the *second* point, the legal estate in the two thirds conveyed to *Marshall*, descended on his death to his heirs. But the mortgage being in effect only a security for a debt due to the estate of *Marshall*, his heirs were trustees for the benefit of the administrators, who were entitled to the debt. It was determined in the case of *Kennedy* v. *Fury*, 1 *Dall.* 72. that *cestui que trust* may support an ejectment in his own name. This decision is founded on the peculiar situation of *Pennsylvania*, where there is no Court of Chancery, to prevent inconveniences which might arise from the obstinacy of trustees, who might refuse to assist in the recovery of lands. It appears to us that the case before us falls within the same principle. The equitable interest of the mortgage is completely vested in the lessor of the plaintiff, and no third person can be affected by his recovery in this ejectment. We are of opinion, therefore, that he may recover; but as the interest of *Wharton* is not vested in him, he can recover but two thirds of the land for which the action is brought.