## Bernecker Estate

*Ronald R. Bolig,* for the estate.
*Nicholas J. Lamberti, Office of Chief Counsel,* for the Commonwealth.

SOKOLOVE, *J.,* September 17, 1993—The Commonwealth of Pennsylvania has appealed our order of June 24, 1993 to the Commonwealth Court. In that order we permitted Harry F. Price, the executor of the estate of Eugenia Bernecker, deceased, to disclaim the decedent's interest under the will of her sister, Laura N. Bernecker, as well as the decedent's survivorship interest in various assets owned jointly with her same sister. As required by Pa.R.A.P. 1925, we write this opinion to explain the reasons for our decision to the appellate court.

This matter came before us on the executor's petition to file a disclaimer on behalf of the decedent pursuant to 20 Pa.C.S. §6202. The Commonwealth answered the petition, admitting the executor's factual allegations but denying his legal conclusions. The parties filed a written stipulation of facts and submitted legal memoranda, after which we rendered the decision in question.

The stipulated facts were that Laura N. Bernecker, a resident of Bucks County, died testate on April 7, 1992.

Letters testamentary were granted to Harry F. Price on June 11, 1992 by the Bucks County Register of Wills. Laura left her entire estate to her sister, Eugenia Bernecker, provided Eugenia survived Laura by 30 days. Harry F. Price was named the alternative beneficiary. As of her death, Laura owned assets worth $2,458.37 in her own name and $321,540.88 in assets, consisting primarily of stocks, debt instruments and bank accounts, as a joint tenant with the right of survivorship with her sister, Eugenia. The jointly held assets had all been transferred into joint names more than a year before Laura's death.

Eugenia Bernecker, the decedent herein, died testate on October 3, 1992. She was also a resident of Bucks County, and the Bucks County Register of Wills issued letters testamentary to Harry F. Price on October 13, 1992. Before her death, the decedent had not retitled any of the assets held jointly with Laura. Like her sister, the decedent had never married and had no children. The decedent's will left her entire estate to her sister, Laura, but named Harry F. Price the alternative beneficiary in the event Laura did not survive her by 30 days.

The executor has paid all known debts of the Bernecker sisters. The instant petition was filed on January 7, 1993, and the parties agree that the petition is timely. The petition was filed to avoid duplication of administration and, most significantly, to escape the double imposition of inheritance tax on the same assets going to the same person.

The Commonwealth concedes that the executor may disclaim for the decedent's estate the assets solely owned by Laura. The Commonwealth contends, however, that the executor may not disclaim the decedent's survivorship interest in the jointly owned assets and that those assets should, therefore, be taxed at half of their value in Laura's estate and at their full value in the decedent's estate.

Allowing the disclaimer would result in approximately $24,000 in tax savings to the two estates.

The issue before us is a matter of first impression. We have not located any reported court opinions on this question. The controlling statutes provide as follows:

"A person to whom an interest in property would have devolved by whatever means, including a beneficiary under a will, an appointee under the exercise of a power of appointment, a person entitled to take by intestacy, a donee of an inter vivos transfer, a donee under a third-party beneficiary contract (including beneficiaries of life insurance and annuity policies and pension, profit-sharing and other employee benefit plans), and a person entitled to a disclaimed interest, may disclaim it in whole or part by a written disclaimer which shall:

"(1)   describe the interest disclaimed;

"(2)   declare the disclaimer and extent thereof; and

"(3)  be signed by the disclaimant." 20 Pa.C.S. §6201.

Section 6202 of the Probate, Estates and Fiduciaries (PEF) Code, 20 Pa.C.S. §6202, permits the court to authorize the filing of a disclaimer on behalf of a decedent by the decedent's estate's personal representative if the court finds that the disclaimer is advisable and will not materially prejudice the rights of creditors, heirs or beneficiaries of the decedent.   A disclaimer relates back for all purposes to the date of death of the decedent or the effective date of the inter vivos transfer.   20 Pa.C.S. §6205(a).  A disclaimer may be made at any time before acceptance of the disclaimed property, which may be express or inferred from actions of the person entitled to receive an interest in the property.   20 Pa.C.S. §6206. The PEF Code further states that its disclaimer provisions do not abridge the right of a person to disclaim interests under any other statute and do not affect any additional requirements for a disclaimer to be effective for inheritance tax purposes.   20 Pa.C.S. §6207.

The Inheritance and Estates Tax Act provides in pertinent part:

"When any person entitled to a distributive share of an estate, whether under an inter vivos trust, a will or the intestacy law, renounces his right to receive the distributive share receiving therefor no consideration, or exercises his elective rights under 20 Pa.C.S., Ch. 22 (relating to elective share of surviving spouse) receiving therefor no consideration other than the interest in assets passing to him as the electing spouse, the tax shall be computed as though the persons who benefit by such renunciation or election were originally designated to be the distributees, conditioned upon an adjudication or decree of distribution expressly confirming distribution to such distributees. The renunciation shall be made within nine months after the death of the decedent...." 72 Pa.C.S. §9116(c).

We found that the requirements of both the PEF Code disclaimer provisions and the Inheritance and Estate Tax Act could be met in this case so as to allow the executor to disclaim his decedent's survivorship interest in the joint accounts. Our decision is anchored upon the long-recognized concept in this Commonwealth that a joint tenant with a right of survivorship in either realty or personalty has the unilateral power to alienate or otherwise sever his proportionate share of a joint tenancy. See *Estate of Kotz,* 486 Pa. 444, 406 A.2d 524 (1979); *In re Laredon's Estate,* 439 Pa. 535, 266 A.2d 763 (1970); *Starger v. Epler,* 382 Pa. 411, 115 A.2d 197 (1955); *Coomb's Estate,* 8 Pa. Fiduc. 668 (O.C. Beaver County, 1958). Such action by one joint tenant converts the joint tenancy into a tenancy in common. Accordingly, as noted by a distinguished estates law commentator, an undivided half interest in jointly held property does indeed pass to the survivor on the death of the other joint tenant who chose not to exercise his right to severance. *Bregy Pennsyl-*

*vania Intestate Wills and Estates Provisions of PEF Code Revision,* Ch. 62, §6201, para. 3. The survivorship interest does, therefore, devolve "by whatever means" in the broad sense contemplated by 20 Pa.C.S. §6201. The specific means of devolution listed in section 6201 are descriptive examples and are obviously not meant to be limiting. Similarly, the survivorship interest, when viewed this way, is a distributive share of an estate which may be renounced in accordance with 72 Pa.C.S. §9116(c).

In this light, we held that this undivided half-interest in jointly held property could be disclaimed, with the effect of severing the joint tenancy as of Laura's death so that each sister's estate retains a half-interest in common. This result recognizes the growing trend of utilizing disclaimers for estate planning, see *Bregy, supra,* Ch. 62, and accords with the current federal practice whereby a joint tenant may disclaim his right of survivorship for federal estate and gift tax purposes. See Treasury Regulation §25.2518-2(c)(4); Revenue Ruling 83-35. The disclaimer here is timely and will not prejudice the rights of creditors, who have all been paid, or of the single beneficiary of both estates. Further, the decedent did not accept any of the survivorship interest before her death.

We are aware of *Curran Estate,* 9 Pa. Fiduc. 2d 317 (1989), as cited by the Commonwealth, which is a decision by the Board of Inheritance Tax Appeals that a disclaimer of an interest in a tentative trust was invalid under 72 Pa.C.S. §1716(c) and not included in 20 Pa.C.S. §6201. We disagree with this board's overly restrictive interpretation of the applicable statutes and are not bound by it.

This explains our order of June 24, 1993.