**In re Estate of Kenneth K. HART.**

**Appeal of Richard Hart.**

Superior Court of Pennsylvania.

Argued Dec. 11, 2001.
Filed June 14, 2002.

Jerry A. Philpott, Duncannon, for appellant.

Donald B. Kaufman, Harrisburg, for appellee.

Before: CAVANAUGH, STEVENS and BECK, JJ.

BECK, J.

¶ 1 The issue in this case is whether a widow who has taken against a will is entitled to take her elective share against her husband/decedent's interest in real property held with the decedent's son as joint tenants with right of survivorship. The trial court issued an order permitting the appellee, Louise S. Hart, to take against the half interest in her deceased husband's jointly held property. For the following reasons, we affirm.

¶ 2 The record reveals that in 1986 Wayne and Gladys Palm conveyed property known as the "hunting farm" to decedent husband Kenneth K. Hart and his son appellant Richard Hart. They held the property as joint tenants with the right of survivorship. At the time of the conveyance and also at the time of Kenneth's death he was married to Louise S. Hart. Kenneth died in August 1999, leaving a will. Louise elected to take against the will. In December 2000, Louise filed four petitions, one of which concerned the hunting farm. The issue before the trial court on that petition was whether Louise was entitled to take her elective share against one-half of the jointly owned hunting farm.

¶ 3 On May 1, 2001, following briefing and oral argument, the trial court held that Louise was entitled to take her elective share against one-half of the hunting farm. Appellant filed a notice of appeal. The trial court subsequently certified its May 1st order as immediately appealable, pursuant to Pa.R.A.P. 342.

¶ 4 The statute which concerns a spouse's right of election provides, in relevant part, as follows:

§ 2203   Right of election; resident decedent

(a) Property subject to election.—When a married person domiciled in this Commonwealth dies, his surviving spouse has a right to an elective share of one-third of the following property:

. . .

(3) Property conveyed by the decedent during his lifetime to the extent that the decedent at the time of his death had a power to revoke the conveyance or to consume, invade, or dispose of the principal for his own benefit.

(4) Property conveyed by the decedent during the marriage to himself and another or others with right of survivorship to the extent of any interest in the property that the dece-

dent had the power at the time of his death unilaterally to convey absolutely or in fee.

20 Pa.C.S.A. § 2203(a)(3) -(4).

¶ 5 According to appellant, a literal reading of § 2203 requires a finding that Louise has no rights to the hunting farm. Appellant asserts that the plain language of the statute states that appellee may elect against conveyances "by the decedent" and that here the decedent made no conveyance of the property. Rather, appellant argues, the only conveyance that occurred in this case was the sale of the hunting farm by the Palms to himself and the decedent. In a memorandum, the trial court found that in this case, the "conveyance" against which elections are effective was the transfer of full title of the hunting farm by operation of law upon the death of the decedent. Trial Court Memorandum, 5/31/01 at 1.

■ ¶ 6 The issue in this case revolves around the meaning of a "conveyance" as found in the statute pertaining to the right of election. When reviewing questions of law, our standard of review is plenary. *Yaros v. Trustees of the University of Pennsylvania*, 742 A.2d 1118, 1121 (Pa.Super.1999) (citing *Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 258 (Pa.Super.1997)). We are free to draw our own inferences and reach our own conclusions. *Id.*

. ¶ 7 In construing a statute, courts must first determine whether the issue may be resolved by reference to the express language of the statute. 1 Pa.C.S.A. § 1921. "Conveyance" is defined as follows: "As used in this chapter, unless the context clearly indicates otherwise, 'conveyance' means an act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation." 20 Pa.C.S.A. § 2201.

¶ 8 The official comment to § 2203 states: "Joint Property. This conforms with present Pennsylvania case law which allows the spouse to take against property held jointly by decedent and another on the theory that the decedent had the power to revoke the conveyance as to his one-half or other fractional share by unilaterally changing it to a tenancy in common." According to this theory, therefore, a joint tenancy is a "conveyance" for purposes of the right of election.

¶ 9 This issue was considered under the prior statute, 20 Pa.C.S.A. § 6111, by the Pennsylvania Supreme Court in *Estate of William Kotz*, 486 Pa. 444, 406 A.2d 524 (1979). In *Kotz*, the decedent and his sister had acquired real estate as *joint* tenants with right of survivorship eight years before he married the surviving widow. The Court cited § 6111 which provided in part:

(a) In general. A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall, at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved....

20 Pa.C.S.A. § 6111 (repealed 1978). The definition of "conveyance" found in § 6101 was identical to the present statutory definition of "conveyance" found in 20 Pa.C.S. § 2201. The Court found that a joint tenancy with a right of survivorship was to be treated as a "conveyance." The Court stated that the purchase of the property by the decedent and his sister was an "act which created an interest in real property" and that the decedent retained "a power of appointment by will, or a power of revoca-

tion or consumption over the principal." *Kotz,* at 453, 406 A.2d at 529.

¶ 10 The Court also addressed the legislative intent behind the statute, finding that "the obvious philosophy of Section 11 . . . is to prevent a husband from indirectly disinheriting his wife through an inter vivos transfer while retaining control over the use and enjoyment of the property during his lifetime." *Id.* at 454, 406 A.2d at 530. After considering the legislative intent of the statute, the Court held that the widow could not elect against her husband's interest in the property because the "proper interpretation of § 6111 requires that we limit its application to 'conveyances' during the marriage". *Id.* at 457, 406 A.2d at 531.[1] In a concurrence, Justice Samuel Roberts noted that *Kotz* was decided under § 6111, which had been recently repealed. Justice Roberts stated, however, that it was his belief that § 2203(a)(4) would require the same result.

¶ 11 With the policy language of *Kotz* in mind, we address the proper interpretation of § 2203. The purpose of § 2203, and its predecessor § 6111, is to protect spouses from being denied a share of their deceased spouses' estates. Section 2203 affords that protection by treating assets that the decedent was able to dispose of or enjoy during marriage the same as property that was titled under the decedent's name alone. Therefore, both types of conveyances should be subject to the elective right. As the *Kotz* Court stated, "[t]o effectuate that purpose, the legislature permits the surviving spouse to treat as testamentary any property which the other spouse by act 'intended to create in interest in real or other personal property.'" *Kotz,* at 456, 406 A.2d at 531.

¶ 12 It is also clear from the official comment to § 2203 that *Kotz*'s language considering a joint tenancy to be a "conveyance" was to be incorporated, and followed, in the application of § 2203. A joint tenancy between a deceased spouse and a third party is therefore a "conveyance" for purposes of a surviving spouse's right to elect against that property. At the time of his death, Kenneth had the power to revoke, consume, invade or dispose of the principal for his own benefit. This power, therefore, subjected his interest in the hunting farm to Louise's election after his death. We therefore agree with the trial court that Louise has the right to elect against the deceased's interests in the jointly owned hunting farm.

¶ 13 Order affirmed.

---

1. In the instant case, the conveyance of the hunting farm to appellant, son Richard, and the decedent was made during decedent's marriage to appellee and therefore the *Kotz* Court would include the hunting farm as property to be elected against under the statute.